**GRANGE MUTUAL CASUALTY COMPANY, Plaintiff-Appellee,**

v.

**Mack Robert WALKER, et al., Defendants-Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 24, 1983.

Permission to Appeal Denied by Supreme Court May 31, 1983.

James A.H. Bell of Tipton & Bell, Knoxville, for defendants-appellants.

John W. Wheeler, Knoxville, for plaintiff-appellee.

OPINION

FRANKS, Judge.

The issue presented is whether a plea of guilty to voluntary manslaughter is a conclusive admission against a policyholder on the issue of policy coverage on the shooting, where the policy specifically excludes coverage "for bodily injury or property damage which is either expected or intended from the standpoint of the insured."

The insurance company filed this action, seeking a determination that the policy afforded no coverage to its policyholder, Mack Robert Walker, for any damages in a pending civil suit against Walker resulting from the shooting death of Danna Anderson, and then filed a motion for summary judgment, attaching a transcript of the sentence from the Criminal Court of Knox County, which recites that Mack Robert Walker had entered a plea of guilty of voluntary manslaughter in the shooting death of Anderson. No affidavits were filed and the trial judge entered summary judgment on behalf of the insurance company, declaring the insured was not entitled to liability coverage under his policy with respect to any claims for damages made on behalf of the estate of the deceased.

On appeal, we are required to determine the legal effect of the guilty plea and whether it is sufficient as a matter of law to make out the defense of res judicata or estoppel by judgment.[1]  Garrett v. Corry Foam Products, Inc., 596 S.W.2d 808 (Tenn. 1980). In order for the doctrine of res judicata to apply, the prior suit must be between the same parties, in the same capacities, and touching the same subject

---

1. Estoppel, estoppel by judgment and collateral estoppel are terms used in connection with the doctrine of res judicata. The term collateral estoppel is now widely used. For a discussion of the terms and comparison of the doctrines, see 46 Am.Jur.2d, Judgments, §§ 397–8.

matter. *U.S.F. & G. Co. v. Bituminous Casualty Co.,* 52 Tenn.App. 43, 371 S.W.2d 801 (1962). The doctrine of *res judicata* is clearly not applicable; however, the insurance company insists the policyholder is judicially estopped by virtue of his plea to offer evidence disputing that the shooting was anything other than intentional and expected and intended by the insured.

 A criminal court conviction may work an estoppel in a subsequent civil action where the issues have been determined in the previous criminal prosecution. *Tietelbaum Furs, Inc. v. Dominion Insurance Company,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962). A plea of guilty, however, is generally not conclusive on the issues in a subsequent civil action, *Patrons-Oxford Mut. Ins. Co. v. Dodge,* 426 A.2d 888 (Me.1981); *Kickasola v. Jim Wallace Oil Co.,* 144 Ga.App. 758, 242 S.E.2d 483 (1978), but is competent evidence as an admission against interest. *State Farm Mutual Auto. Ins. Co. v. Worthington,* 405 F.2d 683 (8th Cir.1968); *Boshnack v. World Wide Rent-a-Car, Inc.,* 195 So.2d 216 (Fla.1967); *Tietelbaum Furs, Inc., supra; McDaniel v. Textile Workers Union of America,* 36 Tenn.App. 236, 254 S.W.2d 1 (1952); Paine, *Tennessee Law of Evidence,* §§ 13 and 55 (1974); and cases cited in 18 A.L.R. 1287, at 1311 and supplements.

The insurance company relies on *Stout v. Grain Dealers Mutual Ins. Co.,* 307 F.2d 521 (4th Cir.1962), to support its position; however, a careful reading of the case establishes the court weighed the evidence in arriving at its decision. The insurance company also relies on *Shepard v. Henderson,* 1 Tenn. Cr.App. 694, 449 S.W.2d 726 (1969), to the effect that a guilty plea constitutes a judicial admission on all facts alleged. This rule was stated in the context of a subsequent criminal proceeding and is only applicable to successive criminal proceedings and not applicable to separate civil actions. *See Worthington, supra.*

■ The Supreme Court has recognized estoppel by judgment may be applicable in coverage controversies concerning whether acts are intentional or expected from the standpoint of the insured, but where a judgment by default was based on pleadings awarding damages as a result of a shooting, the court refused to apply the estoppel doctrine and said:

> We think it is relevant to state, in view of the contentions of the parties before this Court on brief and in oral argument, that the applicability of the exclusion of expected or intended injury is to be determined upon actual facts, not on the allegations in the complaint filed in the tort action.

*Kelly v. Cherokee Ins. Co.,* 574 S.W.2d 735, 739 (Tenn.1978).

Accordingly, we vacate the summary judgment and remand to the trial court for trial.

Costs incident to the appeal are assessed to plaintiff-appellee.

PARROTT, P.J., and GODDARD, J., concur.