**530**

**Karl McFADGON, Petitioner-Appellee,**

v.

**CITY OF MEMPHIS; Memphis Police Department; John D. Holt, Director of Police; and City of Memphis Civil Service Commission, Defendants-Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 18, 1986.

Permission to Appeal Denied by
Supreme Court April 28, 1986.

Clifford D. Pierce, Jr., City Atty. and Charles V. Holmes, Sr. Asst. City Atty., for defendants-appellants.

Thomas B. Hansom, Memphis, for petitioner-appellee.

MATHERNE, Retired Judge.

This lawsuit involves the dismissal of the plaintiff from his employment as an officer with the Memphis Police Department. The department dismissed the plaintiff on March 7, 1983, for reasons growing out of an incident which occurred on February 21, 1983. The plaintiff appealed to the Memphis Civil Service Commission, which body upheld his termination by dismissing his appeal on July 23, 1984. The plaintiff filed his Petition for Writ of Certiorari in the Circuit Court, which court reversed the commission's order and remanded the cause back to the commission for a hearing. The city appeals the order of remand to this court.

The plaintiff-policeman, while on duty, investigated an automobile collision in the City of Memphis. As result, he took a young woman who was at the scene of the accident to his brother's home where he and the young lady engaged in sexual conduct. At that time the plaintiff reported falsely by radio to the department of his whereabouts, and was absent from his assigned duties for about one and one-half hours. As result, the department brought charges against the plaintiff, one charge being that the plaintiff had violated a department regulation concerning neglect of duty. An administrative hearing was held on March 7, 1983, which resulted in the termination of plaintiff's employment as of that date.

The plaintiff appealed to the civil service commission, but a hearing on that appeal was delayed, at the request of the plaintiff, until the final disposition of criminal charges brought against the plaintiff growing out of the same incident.

The Shelby County Grand Jury indicted the plaintiff for, among other things, the following:

Karl McFadgon ... during a period between February 21, 1983, and February 23, 1983 ... did unlawfully and willfully neglect to perform his duty, in that he, the said Karl McFadgon, did knowingly give false information, by oral communication, to the Memphis Police Department in connection with a duty assignment, at a time when the said Karl McFadgon was on duty as a commissioned police officer of the municipality of Memphis, Tennessee, in violation of Section 39–5–402 of the Tennessee Code Annotated. (R. 38)

The plaintiff was convicted of this charge by a jury on February 29, 1984. This conviction has become final.

Thereafter, the City of Memphis by letter to the civil service commission raised a preliminary issue concerning the plaintiff's appeal to the commission. The city argued that because the plaintiff-officer was convicted of the foregoing charge his termination is mandatory as directed by state statute, and that he is thereby barred from being an officer in the future. The statute the plaintiff was found guilty of violating is Section 39–5–402, Tennessee Code Annotated, which provides:

T.C.A. Sec. 39–5–402. Neglect of Duty-Misdemeanor-It shall be a misdemeanor for any public officer or person holding any public trust or employment, willfully to neglect to perform his duty, where no special provision has been made for the punishment of such delinquency.

As a basis for its argument that the plaintiff is now disqualified to be an officer, the city cites Section 39–5–401, T.C.A., which reads as follows:

39–5–401. *Removal from Office and Disqualification as additional penalty for misdemeanor in office*—If any judicial, ministerial, or executive officer is prosecuted for a misdemeanor in office under the provisions of this code, and duly convicted, he shall, in addition to the punishment prescribed for such offense, be removed from his office, and shall forever thereafter be disqualified from holding office under the laws and constitution of this state.

A hearing on the plaintiff's appeal to the civil service commission was set for July 20, 1984. On that date the city and the plaintiff appeared with counsel. The record of plaintiff's conviction was produced, and the commission dismissed the plaintiff's appeal without further proof. The commission stated:

The undisputed record ... shows that on February 29, 1984, a criminal court jury found Mr. McFadgon guilty of the aforesaid charge of neglect of duty. Mr. McFadgon may not now retry the issues which have been settled by the Criminal Court jury. It is conceded that anyone who is guilty of neglect of duty is disqualified by law from holding a job as a Police Officer. T.C.A. Sec. 39–5–401. Based on the undisputed record, the City of Memphis had just cause to terminate Mr. McFadgon on March 7, 1983.

The appeal is dismissed.

The plaintiff argues that under section 248, of article 34, section 9 of the Memphis City Charter, he was entitled to a full evidentiary hearing before the commission, and that a denial of that right demands a remand to the commission for such a hearing. The trial judge agreed with the plaintiff and ordered the remand. We disagree.

The scope of review in the trial court and in this court is whether the commission acted illegally, arbitrarily, capriciously or in excess of its jurisdiction. We hold that the commission did not so act.

The record is clear that the plaintiff was discharged by the department for neglect of duty; that the plaintiff was indicted, tried and convicted in a state court for that same offense, committed on the same date; and that the offense violates state statutes.

**532**

A criminal court conviction may work an estoppel in a subsequent civil action where the issues have been determined in the previous prosecution. *Grange Mut. Cas. Co. v. Walker,* (Tenn.App.1983) 652 S.W.2d 908. The court there noted that a plea of guilty is generally not conclusive on the issue in a subsequent civil action, but a criminal court conviction by a jury is conclusive. We, therefore, conclude that there was no need for a hearing by the commission on the issue of the plaintiff's guilt of the charge brought by the department.

The plaintiff concedes that he is, under the law, disqualified from being a police officer by reason of having been found guilty of violating Sec. 39–5–402, T.C.A. However, he argues that he is entitled to a hearing before the commission on the issue of whether the department had cause to terminate his employment on March 7, 1983. The plaintiff insists that if he was illegally discharged on that date he is entitled to back pay from that date to February 29, 1984, the date of his conviction.

The plaintiff fails to cite an ordinance, statute or court opinion which would support his position in this respect. The plaintiff argues that the custom is for the department to place an officer on non-enforcement duty with pay until all issues are settled. He argues that he was discriminated against when he was immediately fired and not given the opportunity to remain on the payroll until the final disposition of the matter. We cannot accept this argument.

If the plaintiff had been discharged for one offense, and later been cleared of that offense by a criminal court jury, but found guilty of another offense by the jury, the plaintiff might have an argument on the issue of his immediate discharge. But, where the discharge and the conviction grew out of the same incident and in violation of a state statute identical to the department regulation under which the plaintiff was discharged, we see no reason to further question the timing of the plaintiff's discharge.

The judgment of the trial court is reversed, and the holding of the commission dismissing the plaintiff's appeal is affirmed and reinstated. The cost in this court is adjudged against the plaintiff for which execution may issue, if necessary.

TOMLIN and CRAWFORD, JJ., concur.