890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Wilma LESNANSKY; Frank Hulen, Defendants-Appellees.
 No. 89-5496.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 Order
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Earlene Polyak, a pro se Michigan resident, appeals from a district court's order directing the clerk of the district court not to file a complaint which she had submitted. The complaint tendered by Ms. Polyak is another in a continuous series in which she attempts to relitigate the results of a Tennessee state court action. The Tennessee state court litigation involved a suit filed against Ms. Polyak by her siblings which resulted in the partition sale of a tract of land and dwelling which they had inherited as tenants in common from their parents. Ms. Polyak had sought to overturn the Tennessee court decision by instituting numerous federal court actions against the parties to the state litigation.
 
 
 3
 Due to the increasing number of actions filed by Ms. Polyak, the district court had previously entered an order enjoining her from filing further suits concerning the aforementioned litigation without the express permission of the court. In accordance with its order, the district court reviewed Ms. Polyak's complaint, found it to be a reiteration of allegations in her previous complaints, and denied her permission to file the complaint. After the district court denied Ms. Polyak's subsequent petitions for rehearing, she filed a timely appeal. In addition, Polyak has filed a separate motion with this court seeking to add the records in cases nos. 89-5650, 89-5649, and 89-5648 to this case because she believes the district court has withheld the records in these cases.
 
 
 4
 Upon review, we shall affirm the district court's judgment and deny Polyak's motion to add the records in cases nos. 89-5650, 89-5649, and 89-5648. We shall also impose sanctions against Polyak for bringing this frivolous and vexatious appeal.
 
 
 5
 First, we note that this court has previously approved the practice of a district court requiring prolific litigators to obtain leave of court before any further complaints will be accepted for filing. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 6
 Furthermore, Polyak seeks in this case to relitigate issues which are already the subject of a final judgment of the Tennessee courts. Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984); Whitfield v. City of Knoxville, 756 F.2d 455, 459-60 (6th Cir.1985), we conclude that the doctrine of res judicata clearly bars Polyak's attempt to relitigate the state court judgment since under Tennessee law res judicata bars consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. Grange Mutual Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn.Ct.App.1983); American Nat'l Bank and Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979).
 
 
 7
 Further, although Polyak has raised allegations of new evidence, we are satisfied after a review of her complaint, that these allegations are a mere pretext for another attack on the state court judgment. Most of the sections in Polyak's complaint labelled "new evidence" relate either to events which occurred prior to the Tennessee state court judgment or to subsequent events which occurred in the course of her numerous lawsuits. Further, although she raises allegations concerning the transfer of a United States Department of Agriculture burley tobacco allotment, she requests no relief for this alleged transfer in her complaint.
 
 
 8
 Finally, we conclude that this case is appropriate for the application of sanctions. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987), cert. denied, 108 S.Ct. 1032 (1988); Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985). We note that this court has already issued 19 orders dealing with Polyak's various attempts to overturn the Tennessee state court decision.1* Moreover, as this case is one of five additional appeals filed by Polyak against the parties of the Tennessee litigation,[2] Polyak's frequent attempts to relitigate a final state court judgment in this court show no likelihood of abating. We cannot state strongly enough our disapproval of Polyak's tactic of venting her displeasure with the results of the Tennessee action by unwarranted harassment of her numerous defendants in the federal courts. Therefore, due to the frivolous and vexatious nature of this appeal we are granting appellees' request for attorney fees and costs pursuant to 28 U.S.C. Sec. 1912.
 
 
 9
 Accordingly, it is hereby ORDERED that the judgment of the district court be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and that Polyak's motion to add the records in cases nos. 89-5650, 89-5649, and 89-5648 be denied. Appellees in this matter are hereby assigned damages equal to their reasonable attorney fees and costs. An itemized and verified bill for the costs and attorneys fees should be filed with the Clerk of this Court, with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 (See Footnotes on Page 5)
 
 
 [1]
 The previous Sixth Circuit orders are: Hulen, et al., v. Polyak, Nos. 84-6040/85-5032 (6th Cir. December 17, 1985); Polyak v. Hulen, et al., Nos. 85-5101/5147 (6th Cir. December 17, 1985); In Re Polyak, No. 85-6081 (6th Cir. February 14, 1986); Polyak v. Hamilton, No. 85-6134 (6th Cir. August 15, 1986); Evans v. Polyak, No. 85-6135 (6th Cir. March 7, 1986); In Re Polyak, No. 86-5460 (6th Cir. June 13, 1986); In Re Polyak, No. 86-5462 (6th Cir. June 13, 1986); Polyak v. Hulen, et al., No. 86-5536 (6th Cir. November 24, 1986); Polyak v. Stack, No. 86-5199 (6th Cir. January 12, 1987); Polyak v. Boston, et al., No. 86-5916 (6th Cir. May 6, 1987); Hulen, et al. v. Polyak, 87-6159 (6th Cir. January 19, 1988); Polyak v. Hamilton, No. 87-6115 (6th Cir. February 23, 1988); Evans v. Polyak, No. 87-6272 (6th Cir. May 25, 1988); Hulen, et al. v. Polyak, Nos. 87-6267/6268 (6th Cir. June 16, 1988); Polyak v. Stack, et al., Nos. 88-5717/5763/5794 (6th Cir. November 22, 1988); Polyak v. Evans, No. 89-8507 (6th Cir. April 7, 1989); Polyak v. Lesnansky, et al., No. 89-8508 (6th Cir. April 4, 1989); Polyak v. Boston, et al., No. 89-8510 (6th Cir. April 4, 1989)
 
 
 [2]
 The relevant Sixth Circuit case numbers are: 89-5320, 89-5648, 89-5649, and 89-5650