2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank HULEN; Wilma Lesnansky, Plaintiffs-Appellees,
v.
Earlene POLYAK, Defendant-Appellant.
 No. 92-6530.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan litigant, Earlene Polyak, appeals from an order of the district court denying her petition for "rehearing en banc" entered on the docket on October 6, 1992. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The district court's order dated October 6, 1992, ordered that no further submissions by Mrs. Polyak would be considered by the district court. More specifically, the order directed the Clerk to file stamp, but not docket, any papers submitted by Mrs. Polyak to reopen, to amend any pleadings, for rehearing, en banc or otherwise, in this case. The court also ordered that if Mrs. Polyak submitted any papers with a filing fee or other funds, the Clerk was directed to return the money to Mrs. Polyak without the necessity of an order. In an order dated December 9, 1992, the district court amended the October 6, 1992, order slightly, but the sum and substance of the order remained the same.
 
 
 3
 Upon review, we find no error. This court has expressly approved the practice of a district court requiring prolific or vexatious litigants to obtain leave of court before any further complaints will be accepted for filing. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). Mrs. Polyak has caused over fifty actions to be considered by this court on appeal. That number is evidence of the volume of prolific and vexatious litigation faced by the district court. Accordingly, it cannot be said that the district court in any way abused its discretion when it denied Mrs. Polyak's petition for "rehearing en banc."
 
 
 4
 Furthermore, it is abundantly clear that Mrs. Polyak seeks to relitigate issues decided in the state courts of Tennessee. Although she is claiming the unconstitutional deprivation of a property interest, her claim is nothing more than a recycled argument that could have been raised in 1976 during the property's partition. The same "deprivation of a tobacco allotment" argument has been argued on appeal at least four times, and sanctions against Mrs. Polyak were imposed in Case No. 89-5496 and Case Nos. 91-5655/5656/5657, which asserted that her numerous cases be reopened on the basis of "new evidence."
 
 
 5
 Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984), we hold that the doctrine of res judicata clearly bars Mrs. Polyak's attempt to relitigate the state court judgment since under Tennessee law res judicata bars consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. American Nat'l Bank and Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979); Grange Mut. Casualty Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn.Ct.App.1983).
 
 
 6
 Accordingly, the district court's order dated October 6, 1992, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the case be considered en banc is denied. Furthermore, it is hereby ordered that no further petitions for rehearing or other submissions by Mrs. Polyak in this case will be accepted by this court, and the Clerk is directed to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.