2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUFORD EVANS & SONS, Plaintiff-Appellee,
v.
Earlene POLYAK, Defendant-Appellant.
 No. 92-6529.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 ORDER
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 
 1
 Mrs. Earlene Polyak appeals from the order of the district court dated October 6, 1992, in which the court refused to consider any further submissions by Mrs. Polyak with respect to litigation arising from the 1976 partition sale of land in Tennessee. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon review, we find no error. A review of the history of Mrs. Polyak's litigation demonstrates that she is, once again, seeking to relitigate the partition sale of the family's farm. Although she is claiming the unconstitutional deprivation of a property interest, her claim is nothing more than a recycled argument that could have been raised in 1976 during the property's partition. The same "deprivation of a tobacco allotment" argument has been argued on appeal at least four times, and sanctions against Mrs. Polyak were imposed in Cases No. 89-5496 and Nos. 91-5655/5656/5657 which asserted that her numerous cases be reopened on the basis of "new evidence."
 
 
 3
 Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984), we hold that the doctrine of res judicata clearly bars Mrs. Polyak's attempt to relitigate the state court judgment since under Tennessee law res judicata bars consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. American Nat'l Bank and Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979); Grange Mut. Casualty Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn.Ct.App.1983).
 
 
 4
 Additionally, this court has expressly approved the practice of a district court requiring prolific or vexatious litigants to obtain leave of court before any further complaints will be accepted for filing. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). We hold that the district court did not abuse its discretion by enjoining Mrs. Polyak from further litigation on issues long ago decided.
 
 
 5
 Accordingly, the order of the district court dated October 6, 1992, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the case be considered en banc is denied. Mrs. Polyak's motion to "recall mandate" is similarly denied. Furthermore, it is ordered that no further pleading, petitions, or submissions filed by Mrs. Polyak with regard to this litigation will be accepted by the court, and the Clerk's office is hereby ordered to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.