2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank HULEN; Wilma Lesnansky, Plaintiffs-Appellees,
v.
Earlene POLYAK, Defendant-Appellant.
 No. 92-6523.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan litigant, Earlene Polyak, appeals from an order of the district court denying her petition for "rehearing en banc" entered on the docket on October 6, 1992. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case and eight others presently before the court (92-6345/6525; 92-6347/6528; 6526; 6527; 6529; and 6530) had their origin in 1976 when Mrs. Polyak and her two siblings inherited from their mother a family farm in Lawrence County, Tennessee, as tenants in common. Mrs. Polyak's siblings sought and obtained a partition sale of the property. Mrs. Polyak objected to the manner in which the farm was divided and began protracted state court proceedings.
 
 
 3
 Failing to prevail in state court litigation, Mrs. Polyak began her assault on the partition sale in federal court in 1985. She sought monetary damages and an order setting aside the partition sale. The defendants in this case are Mrs. Polyak's brother, Frank Hulen, and her sister, Wilma Lesnansky. The defendants have long ago stopped filing briefs in response.
 
 
 4
 Mrs. Polyak is appealing from an order entered by the district court on October 6, 1992, in which the court held that it would not consider any further submissions by Mrs. Polyak to relitigate any issue regarding the parties or the property involved in the partition sale. On December 9, 1992, the district court modified its previous order slightly to read:
 
 
 5
 .... The Clerk is directed to stamp received, with the date so received, any papers submitted by Ms. Polyak to reopen this case, to amend any pleadings in the case, for rehearing, en banc or otherwise, in this case, to aside any previous rulings in this case, for injunctive relief, for reconsideration of any previous ruling in this case, for a new trial, or any other similar papers submitted in an attempt to relitigate this case or any issues therein. The Clerk is further directed not to docket any such papers. Finally, the Clerk is directed to place such papers in the file of this case. No action will be taken by the Court on any such papers. ... Provided, however, that should Ms. Polyak submit any appeal fee in conjunction with any appeal in this case, the Clerk is directed to accept any such appeal fee.
 
 
 6
 In her brief on appeal, Mrs. Polyak asks why this court affirms the district court's "intentional discrimination against federal rights to United States Department of Agriculture federally allotted burley tobacco quota ..." Second, she asks whether all of the decisions regarding her family's farm conflict with a Ninth Circuit case of Davis v. City and County of San Francisco, 976 F.2d 1536 (9th Cir.1992), reh'g denied in part, vacated in part, 984 F.2d 345 (1993).
 
 
 7
 Upon review, we affirm the order of the district court. This court has expressly approved the practice of a district court requiring prolific or vexatious litigants to obtain leave of court before any further complaints will be accepted for filing. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987). Mrs. Polyak has caused over fifty actions to be considered by this court on appeal. That number is evidence of the volume of prolific and vexatious litigation faced by the district court. Accordingly, it cannot be said that the district court in any way abused its discretion when it denied Mrs. Polyak's petition for "rehearing en banc."
 
 
 8
 Additionally, a review of the long history of Mrs. Polyak's litigation reveals that she is, once again, seeking to relitigate the partition sale of the family's farm. Although she is claiming the unconstitutional deprivation of a property interest, her claim is nothing more than a recycled argument that could have been raised in 1976 during the property's partition. The same "deprivation of a tobacco allotment" argument has been argued on appeal at least four times, and sanctions against Mrs. Polyak were imposed in Case No. 89-5496 and Case Nos. 91-5655/5656/5657, which asserted that her numerous cases be reopened on the basis of "new evidence." Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984), it is submitted that the doctrine of res judicata clearly bars Mrs. Polyak's attempt to relitigate the state court judgment since under Tennessee law res judicata bars consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. American Nat'l Bank and Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979); Grange Mut. Casualty Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn.Ct.App.1983).
 
 
 9
 Finally, with respect to Mrs. Polyak's specific allegations of error set forth in her brief, we note that in Davis v. City and County of San Francisco, 976 F.2d 1536 (9th Cir.1992), reh'g denied in part, vacated in part, 984 F.2d 345 (1993), the Ninth Circuit held that the Civil Rights Act of 1991 applied retroactively. However, as the Davis court notes on p. 1552, our circuit has held that the Act does not apply retroactively. See Vogel v. City of Cincinnati, 959 F.2d 594 (6th Cir.) cert. denied, 113 S.Ct. 86 (1992).
 
 
 10
 Accordingly, the district court's order dated October 6, 1992, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that this case be considered en banc is denied, and no further petitions for reconsideration or for rehearing en banc will be accepted by this court. The Clerk is hereby directed to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.