2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Frank HULEN; Wilma Lesnansky, Defendants-Appellees.
 No.s 92-6347, 92-6525.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1993.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Earlene Polyak, proceeding without benefit of counsel, appeals from the order of the district court denying her "Motion to Set Aside the Final Order and Schedule Jury Trial on New Evidence and New Law and Issue Restraining Order Against Transfer of Constitutional Possessed Rights and Interests." This appeal is Case No. 92-6347. Mrs. Polyak also appeals from the order denying her petition to "rehear en banc." This appeal is No. 92-6525. These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mrs. Polyak, along with her sister, Wilma Lesnansky, and her brother, Frank Hulen, inherited a farm in Tennessee jointly as tenants in common. Mrs. Polyak's siblings sought and obtained a partition sale of the farm. Mrs. Polyak objected to the manner in which the farm was divided and instituted state court challenges to the partition in 1976. Failing to obtain the result she desired in state court, Mrs. Polyak sought federal review of the state court partition action. The district court initially dismissed this case, and the court later denied the two motions underlying these appeals.
 
 
 3
 Seeking the "deed to her retirement home and compensation for the restraining from the full rights to her properties since initial settlement in agreement to divide property in 1976," Mrs. Polyak asserts on appeal that the district court denied her due process of law and abused its discretion. The basis for her argument seems to be a district court order dismissing one of her cases for lack of prosecution.
 
 
 4
 A trial court's decision regarding trial procedure or control of the docket is usually submitted to the court's discretion and is reviewed for abuse only. Pierce v. Underwood, 487 U.S. 552, 558-59 & n. 1 (1988). Upon review, we find no abuse of discretion.
 
 
 5
 Mrs. Polyak has previously argued in this court that the district court abused its discretion by dismissing two of her complaints. In Case No. 87-6267, Hulen and Lesnansky v. Polyak, Mrs. Polyak appealed from the district court's judgment dismissing her complaint in district court case number 84-0082. Similarly, in Case No. 87-6268, Polyak v. Hulen and Lesnansky, Mrs. Polyak appealed on the same grounds and for the same reason. On June 16, 1988, a panel of this court affirmed the judgment of the district court in those cases. The district court did not abuse its discretion when it originally dismissed these cases (as evinced by this court's affirmance), nor did it abuse its discretion by ordering on September 23, 1992, and October 6, 1992, that no further filings with regard to this litigation would be considered by the court.
 
 
 6
 Clearly, Mrs. Polyak seeks to relitigate issues concerning the partition of the Tennessee property, which issues were already the subject of a final state court judgment. Although she is claiming the unconstitutional deprivation of a property interest, her claim is nothing more than a recycled argument that could have been raised in 1976 during the property's partition. The same "deprivation of a tobacco allotment" argument has been argued on appeal at least four times, and sanctions against Mrs. Polyak were imposed in Case No. 89-5496 and Case No. 91-5655, which asserted that her numerous cases be reopened on the basis of "new evidence." Affording the same res judicata effect to the Tennessee state court judgment as would the Tennessee courts, Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984), the doctrine of res judicata clearly bars Mrs. Polyak's attempt to relitigate the state court judgment since under Tennessee law res judicata bars consideration of all claims which were or reasonably could have been litigated by the parties in the state court action. American Nat'l Bank and Trust Co. v. Clark, 586 S.W.2d 825, 826-27 (Tenn.1979); Grange Mut. Casualty Co. v. Walker, 652 S.W.2d 908, 909-10 (Tenn.Ct.App.1983).
 
 
 7
 Accordingly, the orders of the district court entered on September 23, 1992, and October 6, 1992, are hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Mrs. Polyak's suggestion that the court consider her appeal en banc is denied, and no further petitions for reconsideration or for rehearing en banc will be accepted by this court. The Clerk is hereby directed to issue the mandate immediately. Double costs will be assessed for this vexatious and frivolous appeal.