IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

_____

FILED

April 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

MOHAMED F. ALI, M.D.,

    Plaintiff-Appellant,

Vs.

FREDIA MOORE, DANNY (PAT)
STORY, AMERICA'S MOST
WANTED and FOX TELEVISION
BROADCASTING,

    Defendant-Appellee.

Washington Law No. 15924
C.A. No. 03A01-9708-CV-00347

_____

FROM THE LAW COURT FOR WASHINGTON COUNTY
THE HONORABLE G. RICHARD JOHNSON

Mohamed F. Ali, M.D., Pro Se,
of Mountain City

Donald L. Zachary, Sue E. McClure; Bass, Berry & Sims, PLC
of Nashville, For Appellee, Fox Television Broadcasting

*VACATED IN PART, AFFIRMED IN PART AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This is an action for defamation and violation of constitutional rights. Plaintiff/Appellant

Mohamed F. Ali, M.D. sued Defendant/Appellee Fox Television Broadcasting (Fox),[1] for defamation and for relief under 42 U.S.C. § 1983 as a result of two television broadcasts.[2] The trial court granted summary judgment to Fox and subsequently made the order final pursuant to Tenn.R.Civ.P. 54.02. The trial court also enjoined Ali from filing future *pro se* actions. Ali appeals.

Facts and Procedural History

Prior to December of 1989, Ali was a family physician practicing in Johnson City, Tennessee. In July of 1989, Defendant Fredia Moore, a patient of Ali, visited Ali pursuant to an appointment. Immediately thereafter, Moore reported to the police that she had been sexually assaulted by Ali while she was under the influence of an injection. It was alleged that Ali later attempted to bribe Moore and her husband in exchange for their efforts to have the rape charge dropped. Ali was indicted in December of 1989 on one count of rape and two counts of attempted bribery.[3] Ali was arrested and released after posting a $100,000 bond through Defendant Danny Story, a bail bondsman. The Tennessee Board of Medical Examiners suspended Ali's medical license on December 15, 1989. Moore brought a civil suit against Ali for the alleged rape in January of 1990, and obtained a $4 million default judgment in June of 1991.

Around June of 1990, Ali left the United States. On August 14, 1992, Fox, a television broadcasting network, fed to its affiliated stations an episode of the television program, *America's Most Wanted*. The episode featured the rape and bribery charges brought against Ali and the fact that his whereabouts were unknown. The episode included interviews with Moore and a police officer, as well as a narration and re-enactment of the alleged rape and bribery incidents. A viewer of the episode contacted the authorities and reported that he had seen Ali in Cairo, Egypt. A subsequent undercover investigation by Story ultimately led to the return of Ali to the United States in October of 1992. Fox proceeded to broadcast a follow-up program

---

[1] Ali erroneously sued Fox Broadcasting Company under the name, "Fox Television Broadcasting."

[2] Fredia Moore and Danny (Pat) Story were also named as defendants, but they are not involved in this appeal.

[3] This indictment was later dismissed due to a technicality but it was subsequently reinstated.

on Ali's capture in an *America's Most Wanted* episode aired on October 30, 1992.

In September of 1993, a jury convicted Ali of rape and one count of attempted bribery. Apparently Ali was acquitted of charges of failing to appear and skipping bail. On October 27, 1993, Ali filed this action against Moore, alleging defamation and the violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Ali filed an Amended Complaint on April 18, 1994, adding as parties defendant Story, Fox, and *America's Most Wanted*.[4]

Fox moved for summary judgment, arguing that Ali's claim is barred by the statute of limitations and that he has failed to establish the elements of a defamation claim. Fox also asserted that Ali can not state a constitutional claim against Fox, since Fox is not a state actor. The trial court granted summary judgment to Fox on August 22, 1996, without explaining its reasoning, and on February 4, 1997, made the order final pursuant to Tenn.R.Civ.P. 54.02.[5] The suit against the remaining defendants was scheduled for trial. Ali, however, requested a nonsuit on the day before trial, and the trial court dismissed the suit without prejudice on April 30, 1997. Moore proceeded to request Rule 11 sanctions. Although Moore withdrew her request for sanctions on the date of the hearing, the trial court *sua sponte* permanently enjoined Ali from filing *pro se* actions in the First Judicial District and appointed a local attorney to represent Ali for any future meritorious claims.

Issues

The first issue for review is:

> 1. Whether the trial court erred in granting summary judgment to Defendant Fox?

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences

---

[4] *America's Most Wanted* was later stricken as a defendant, since it is not a legal entity.

[5] The trial court dismissed a motion by Ali to set aside this order.

in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

We first address Ali's libel claim against Fox. The trial court apparently awarded summary judgment to Fox based on Ali's failure to comply with the statute of limitations and/or Ali's failure to establish a prima facie claim for libel. No reported case in Tennessee has directly addressed whether a television broadcast should be designated as libel or slander. There is no clear consensus among our sister states concerning this issue. *See* 50 Am. Jur. 2d *Libel & Slander* § 10 (1995). The "most prevalent" view, however, is that broadcasts should be considered as libel; particularly if they are based on written scripts. Jeffrey F. Ghent, Annotation, *Defamation by Radio or Television*, 50 A.L.R. 3d 1311, 1319 (1973); *see also* Restatement (Second) of Torts § 568A (1976) ("Broadcasting of defamatory matter by means of radio or television is libel, whether or not it is read from a manuscript."). In the instant case, it would appear that the broadcast should be classified as libel; particularly since it was based on a prepared script. In any event, a designation of the broadcast as libel enhances the appellant's position in the present case, since the libel statute of limitations is more favorable to a plaintiff.[6]

The episodes of *America's Most Wanted* at issue were aired nationwide on August 14, 1992 and October 30, 1992. Ali's original Complaint, listing only Moore as a defendant, was filed on October 27, 1993. Ali's Amended Complaint, adding Fox as a defendant, was filed on April 18, 1994.

An action for libel must be brought "within one (1) year after the cause of action accrued." T.C.A. § 28-3-104

---

[6] The statute of limitations for slander is only six months and the discovery rule does not apply. T.C.A. § 28-3-103 (1980); *Quality Auto Parts Co. v. Bluff City Buick Co.,* 876 S.W.2d 818, 820-22 (Tenn. 1994).

4

(a)(1) (Supp. 1997). In *Applewhite v. Memphis State Univ.*, 495 S.W.2d 190, 195 (Tenn. 1973), the Court held that a cause of action for libel accrues on the date that the alleged libel is published in the county that the action is brought. The *Applewhite* holding was in the context of a mass publication of a book. Ali argues that the discovery rule should apply in the present case. Ali maintains that since he was overseas, he did not discover and reasonably could not have discovered the Fox broadcasts until he returned to the United States. In fact, Ali insists in his pleadings that he did not become "fully aware of the exact contents" of the alleged libel until around the end of June 1993.

In *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820-22 (Tenn. 1994), the Tennessee Supreme Court held that the discovery rule does not apply to the slander statute of limitations. In *Leedom v. Bell*, No. 03A01-9704-CV-00136, 1997 WL 671918 (Tenn. App. Oct. 29, 1997), this Court first considered whether the discovery rule should be applied to an action for libel. The issue in *Leedom*, however, was narrowed to the context of libel that was not readily accessible to the general public. *Id.* at *6. The Court noted that the "decided modern trend in American jurisprudence" is in favor of applying the discovery rule in "limited situations where the allegedly libelous statement occurred in private or confidential publications which are not readily available to the plaintiff or the general public." *Id.* at *7. Advocating this modern trend, the Court quoted approvingly the following statement by the Mississippi Supreme Court:

> We are convinced that the general policies underlying the statute of limitations will not be thwarted by adoption of the discovery rule in that limited class of libel cases which, *because of the secretive or inherently undiscoverable nature of the publication* the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed. In such rare instances, we do not believe that a plaintiff can be accused of sleeping on his rights.

*Id.* (quoting *Staheli v. Smith*, 548 So. 2d 1299, 1303 (Miss. 1989)) (emphasis added).

The instant case presents a decidedly different factual scenario. At the time of the first broadcast, on October 30, 1992, Ali was in Egypt, having left the country after he was released on bail. Assuming that the broadcast was not aired in Egypt, Ali's failure to discover the broadcast was due to his own behavior. *Cf. Teeters v. Curry*, 518 S.W.2d 512, 517 (Tenn. 1974) ("[T]he public policy of our state is opposed to requiring that suit be filed when *circumstances totally beyond the control of the injured party* make it impossible for him to bring suit." (emphasis added)). More importantly, however, it is undisputed that at the time of the second broadcast, Ali was back in the United States, and the broadcast was neither "secretive" nor of an "inherently undiscoverable nature." The second broadcast repeated a large part of the first broadcast and amply provided Ali of notice thereof. Under the facts of this case, Ali is not entitled to rely on the discovery rule, and Ali's suit filed against Fox on April 18, 1994, more than sixteen months after the second broadcast, is barred by the one-year statute of limitations.

Ali's 42 U.S.C. § 1983 action is likewise barred for the reasons stated above, because such action must be filed within one year after the cause of action accrues. T.C.A. § 28-3-104 (a)(3).

The second issue for review is:

> 2. Whether the trial court erred in granting Defendant Fox a final judgment under Tenn. R. Civ. P. 54?

Sometime after the trial court granted summary judgment to Fox, the order was made final pursuant to Tenn.R.Civ.P. 54.02. Ali contends that the entry of final judgment was improper since the trial judge that entered final judgment, Judge Johnson, was different than the trial judge that granted summary judgment, Judge Seeley. Ali also alleges that Judge Johnson should have recused himself from the case due to bias and conflicts of interests; namely Ali asserts that Judge Johnson is related to and represented Ali's wife before becoming a judge.

Tenn. R. Civ. P. 54.02 provides in pertinent part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As mentioned previously, the trial court properly granted summary judgment to Fox. Because "no just reason for delay" existed, the trial court correctly made the order a final judgment. *Id.* Ali's contentions are wholly without merit. Ali's voluntary nonsuit did not apply to Fox, since final judgment had been entered on behalf of Fox before Ali took a nonsuit.

The third issue for review is:

> 3. Whether the trial court erred in imposing sanctions against plaintiff?

After Ali nonsuited his claim against the remaining defendants, Moore moved for Rule 11 sanctions. This request was withdrawn on the date of the hearing. The trial court, nevertheless, entered an order permanently enjoining Ali from filing *pro se* actions in the First Judicial District. The trial court, however, appointed a local attorney to represent Ali for any potential meritorious claims that may arise in the future.

Notwithstanding the laudable objective of the trial court's order, we find that such an order violates the open courts provision of the Tennessee Constitution. Tenn. Const. Art. I, § 17, which states:

> That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. . . .

*Id.; See Whitaker v. Whitaker*, 957 S.W.2d 834, 838-39 (Tenn. App. 1997).

The order of the trial court enjoining defendant from filing any pro se action is vacated. The order of the trial court in all other respects is affirmed. This case is remanded to the trial court for such further proceedings as are

6

necessary.   Costs on appeal are assessed against the appellant.

                                                        _____

                                                       **W. FRANK CRAWFORD,**
                                                       **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**