# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

JAMES McCAIN and )
MARY E. McCAIN, )
    )
      Plaintiffs/Appellants, )     Shelby Circuit No. 70190-9 T.D.
    )
v. )
    )
CARY VAUGHN, )     Appeal No. 02A01-9707-CV-00154
    )
      Defendant/Appellee. )

FILED

February 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE ROBERT L. CHILDERS, JUDGE

For the Plaintiffs/Appellants:       For the Defendant/Appellee:

David M. Sullivan          Randall J. Fishman
Memphis, Tennessee        Jeffrey S. Rosenblum
                       Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

OPINION

This is an intentional tort action for assault and battery resulting from a dispute between neighbors. After a bench trial, the trial court awarded Plaintiff James McCain a judgment of $1,697.50, and found in favor of the Defendant on Mary McCain's claim. We affirm.

Plaintiffs/Appellants, James and Mary McCain ("Mr. and Mrs. McCain"), and the Defendant/Appellee, Cary Vaughn ("Vaughn"), live in a rural neighborhood in Rosemark, Tennessee. The subdivision consists mainly of large, four-acre lots. Vaughn and his mother bought the four-acre lot adjacent to the McCains' property. They obtained permission from the Shelby County Planning Commission to subdivide the lot into two-acre parcels so that they could build two houses on the property. The McCains were very unhappy about Vaughn's plans to build two houses on his tract.

On the afternoon of Sunday, June 26, 1994, the McCains were sitting in their gazebo beside a pond that separated their property from Vaughn's property. Vaughn was next door examining the construction on his home when he noticed that his neighbors were outside. Vaughn walked onto the McCains' property to speak with them, in what he described as an effort to "smooth things over" after the previous conflict before the Shelby County Planning Commission. Vaughn had a stick in one hand, and put out his other hand as if to shake hands with Mr. McCain. Vaughn said "My name is Cary Vaughn." Mr. McCain responded by telling Vaughn that he did not care who he was, and told Vaughn to leave his property. Witnesses testified that Mr. McCain used profanity in talking to Vaughn. It is undisputed that the McCains were very hostile towards Vaughn. Vaughn did not leave, but continued speaking to the McCains. Mrs. McCain then stepped out of the gazebo, approached Vaughn, and repeatedly and excitedly ordered Vaughn to go home.

When Vaughn did not leave the property, the altercation became physical. The McCains allege that Vaughn struck or pushed Mrs. McCain in the shoulder, knocking her to the ground. Vaughn testified that he did not recall Mrs. McCain falling to the ground. Seeing his wife on the ground, Mr. McCain jumped out of the gazebo and threw a punch at Vaughn, missing him. Vaughn then struck Mr. McCain in the side of the head, grabbed him by the left arm and threw him to the ground. Vaughn struck Mr. McCain several more times before walking back to his property.

The McCains called the Sheriffs' Department. Vaughn was subsequently charged with aggravated assault. He pled guilty to two counts of misdemeanor simple assault pursuant to *Alford v. North Carolina*, 400 U.S. 25 (1970), which allows a criminal defendant to plead guilty while

protesting his innocence "when the defendant had intelligently concluded that his interests required entry of a guilty plea and the record before the judge contained strong evidence of actual guilt." *Ford v. State*, 1988 WL 58311, at *1 (Tenn. Crim. App. 1988) (citing *Dortch v. State*, 705 S.W.2d 687 (Tenn. Crim. App. 1985) ("A guilty plea may be accepted by the trial judge even when the defendant says that he is innocent so long as there is a factual basis for the guilty plea.")). During the criminal proceeding, Vaughn stated that he was not guilty, but was entering the guilty plea because of the possibility of a conviction of the greater offense of felony assault. McCain received a suspended sentence and probation for one year.

As a result of her fall in the confrontation with Vaughn, Mrs. McCain suffered a broken tibial plateau fracture in her left leg. Mr. McCain suffered a partial distal biceps tendon rupture in his left arm. Both McCains were subsequently treated by Memphis Orthopaedic Group for their injuries. The McCains sued Vaughn for assault and battery and sought compensatory and punitive damages.

At the bench trial in this case, the McCains sought to introduce into evidence a statement given to the Shelby County Sheriff's Department by an eyewitness to the incident, Ms. Terry Pitman. Pitman gave a recorded statement shortly after the incident. The recording was later reduced to writing. At trial, Pitman admitted that she could not remember some of the things contained in the statement. In particular, Pitman could not recall seeing Vaughn push or strike Mrs. McCain, although the statement says that she saw the alleged battery. The trial court refused to admit the statement into evidence because Pitman could not affirmatively state that she remembered seeing Vaughn push Mrs. McCain.

At the conclusion of the evidence, the trial court issued an oral ruling. It noted that Mr. McCain's statements to Vaughn were provocative words which could be considered in mitigation of any damages from assault. As to Mrs. McCain's claim that Vaughn assaulted her, the trial court recalled Mrs. McCain's testimony that she did not know how she found herself on the ground, and Ms. Pitman's inability to say that she saw Vaughn strike or shove Ms. McCain. The trial court also observed that Mrs. McCain fell forward, and indicated that this would be inconsistent with her being struck or shoved by Vaughn. The trial court concluded that Mrs. McCain must have slipped, and that Vaughn did not assault her.

As to Mr. McCain's claim of assault and battery against Vaughn, the trial court found that Mr. McCain attempted to hit Vaughn and that Vaughn responded with more force than was

2

necessary to defend himself. Therefore, it concluded that Vaughn had committed battery on Mr. McCain, but mitigated the damages awarded to Mr. McCain because of Mr. McCain's provocation of Vaughn. The trial court stated that, in the absence of provocation, it would have awarded compensatory damages of $1,697.50 plus $7,500 for pain and suffering. In view of the provocation, however, the trial court awarded only compensatory damages of $1,697.50. No punitive damages were awarded. From this decision, the McCains now appeal.

The McCains raise three issues on appeal. First, they contend that the trial court erred in refusing to admit into evidence Terry Pitman's statement to the Shelby County Sheriff's Department. The McCains also argue on appeal that the evidence preponderates against the trial court's finding that Mr. McCain provoked the assault by Vaughn. Finally, they argue that the evidence preponderates against the trial court's conclusion that Vaughn did not assault Mrs. McCain.

We review this case *de novo* upon the record with a presumption of the correctness of the trial court's findings of fact, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d). There is no presumption of correctness of the trial court's conclusions of law. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

The McCains argue first that the trial court erred in refusing to admit into evidence the statement given to the Shelby County Sheriff's Department by the eyewitness, Terry Pitman. The McCains claim that the statement should have been admitted under Rule 803(5) of the Tennessee Rules of Evidence, even though Pitman could not corroborate the statement at the time of trial.

Rule 803(5) of the Tennessee Rules of Evidence states:

> **Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

The McCains argue on appeal that every element of Rule 803(5) was met, and that the trial court erred in refusing to admit it. In response, Vaughn points out that Pitman could not testify that the statement actually reflected her knowledge as to whether Vaughn pushed Mrs. McCain. Consequently, Vaughn maintains that the trial court properly excluded the statement from the evidence.

"A trial court is given considerable latitude in the admission of evidence and will be reversed

3

only for an abuse of discretion." ***Aussenberg v. Kramer***, 944 S.W.2d 367, 370 (Tenn. App. 1996) (citing ***Steele v. Fort Sanders Anesthesia Group, P.C.***, 897 S.W.2d 270, 275 (Tenn. App. 1994)). The Sheriff's Department recorded Pitman's statement during a telephone interview, and later reduced it to writing for purposes of Vaughn's criminal prosecution. Pitman could not confirm that was completely correct. Based on the record as a whole, we cannot conclude that the trial court abused its discretion in refusing to admit Pitman's statement. The trial court is affirmed on this issue.

The McCains also argue that the evidence preponderates against the trial court's finding that Mr. McCain provoked Vaughn's assault. Tennessee law allows a defendant to produce evidence of provocation for the purpose of mitigating damages awarded to the Plaintiff. ***Dent v. Holt***, 1994 WL 503891, at *1 (Tenn. App. 1994). The court in ***Daniel v. Giles*** espoused the rule for admitting evidence of provocation in the mitigation of damages:

> While no words, or insults, or opprobrious epithets can justify an assault and battery, still in a civil action for assault and battery, evidence of provocation, calculated to heat the blood or arouse the passions of a reasonable man, offered at the time of the assault and battery, or so recently before as to constitute part of the res gestae, is admissible and must be considered by the jury in mitigation of damages.

***Daniel v. Giles***, 108 Tenn. 242 (1901) (citing ***Jacaway v. Dula***, 15 Tenn. 49 (1834); ***Chambers v. Porter***, 45 Tenn. 273 (1867)); *see* ***Evans v. Bryan***, 145 S.W.2d 557 (Tenn. App. 1940); ***Jenkins v. Hankins***, 98 Tenn. 545 (1897).

In this case, the trial court decreased Mr. McCain's damages because "there was certainly provocation on the part of Mr. and Mrs. McCain on that day." ***See, e.g***, ***Smythe v. Easy Quick Stores, Inc.***, 754 S.W.2d 57 (Tenn. App. 1988); ***Arnold v. Wiley***, 39 Tenn. App. 391, 284 S.W.2d 296 (1955). The trial court found provocation in "the words used by Mr. McCain coupled with his jumping over the rail of the gazebo and taking a poke at Mr. Vaughn." The record indicates clearly that Mr. McCain took the first swing at Vaughn, and Vaughn responded by throwing Mr. McCain to the ground and hitting him repeatedly. The trial court found Vaughn responsible for Mr. McCain's lost wages and medical bills because Vaughn's actions went beyond self-defense. The evidence in the record preponderates in favor of the trial court's decision. The trial court is affirmed on this issue.

The McCains also argue that the evidence preponderates against the trial court's finding that Vaughn did not assault Mrs. McCain. In reaching this conclusion, the trial court noted that Pitman

4

stated in her testimony that she did not see Vaughn push or hit Mrs. McCain, that Mrs. McCain fell forward and to the right, an unlikely position for someone who had been pushed or struck by someone facing them, and that Mrs. McCain admitted that she did not know how she ended up on the ground during the confrontation with Vaughn. She could not unequivocally state that Vaughn struck or pushed her. The evidence supports the trial court's finding that Vaughn did not assault Mrs. McCain.

The McCains argue that Vaughn should be judicially estopped from alleging that he did not strike or push Mrs. McCain, because he pled guilty to assault in criminal court. This issue was addressed in *Grange Mutual Casualty Company v. Walker*, 652 S.W.2d 908, 910 (Tenn. App. 1983). In *Grange*, the Court determined that "[a] criminal court conviction may work an estoppel in a subsequent civil action where the issues have been determined in the previous prosecution. A plea of guilty, however, is generally not conclusive on the issues in a subsequent civil action." *Grange Mut. Cas. Co.*, 652 S.W.2d at 910. The *Grange* court held that a guilty plea was "competent evidence as an admission against interest." *Id., see also McFagdon v. City of Memphis*, 731 S.W.2d 530 (Tenn. App. 1986). Therefore, the guilty plea was admissible and did not estop Vaughn from testifying that he did not assault Mrs. McCain. Considering the record as a whole, the evidence preponderates in favor of the trial court's finding that Vaughn did not assault Mrs. McCain. The decision of the trial court on this issue is affirmed.

Affirmed. Costs are assessed against the Appellants, for which execution may issue, if necessary.

                                         _____

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**

5