IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, November 6, 2003

## JOSEPH B. THOMPSON v. KEITH WILSON, TED COMO, BECKY CAMPBELL, and MICHELLE WILDER

**Direct Appeal from the Circuit Court for Sullivan County**
**No. 2:99-CV-282     Hon. John S. McLellan, III., Presiding Judge**

—————  **FILED JANUARY 26, 2004**  —————

**No. E2003-00885-COA-R3-CV**

—————

Plaintiff's action for libel against defendants was dismissed on grounds the action was time-barred. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Joseph B. Thompson, Nashville, Tennessee, *pro se.*

Darryl G. Lowe, Knoxville, Tennessee, for Appellees.

### OPINION

Plaintiff, acting pro se, filed this action styled as a "42 U.S.C. 1983 Civil Rights Complaint with Jury Demand", against defendants, Keith Wilson, Ted Como, Becky Campbell, and Michelle Wilder, who are the publisher, managing editor, and reporters for the *Kingsport Times-News*. Plaintiff charged defendants violated his constitutional rights by publishing defamatory statements about his pending criminal case, which he alleged prejudiced his opportunity to receive a fair trial. Defendants filed a Motion to Dismiss or Alternatively, Motion for Summary Judgment,

on the basis that the statute of limitations had run, res judicata, and estoppel. The publication of the alleged defamatory statements occurred on July 2, 1999, but this action was not filed until September 11, 2002. Ultimately, the Trial Court entered an Order on December 12, 2002, finding that the defamation claims were time-barred because the articles were published in July 1999, and the lawsuit was not filed until September 2002. The Court further found that the plaintiff's action initially filed in federal court did not toll the statute of limitations.

Plaintiff argues that his action against the defendants was based on a published article that contained untruthful statements about him. However, his claim is simply a defamation claim which our Supreme Court has recognized to have the following elements:

> To establish a prima facie case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. "Publication" is a term of art meaning the communication of defamatory matter to a third person.

*Sullivan v. Baptist Memorial Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

The statute of limitations applicable to an action for libel[1] is one year from the date of publication. Tenn. Code Ann. §28-3-104; *Ali v. Moore*, 984 S.W.2d 224 (Tenn. Ct. App. 1998). Plaintiff states in his Complaint that the articles alleged to be libelous were published in June and/or July 1999, but his action was not filed until September 2002. Obviously, he was aware of the articles in August of 1999, when he filed a Complaint in U.S. District Court.

Plaintiff argues that the statute of limitations should be tolled because he originally filed suit in federal court, which was dismissed, and that he then "found out" he needed to file the action in state court. While we do not believe that the federal or state tolling statutes would apply to these facts, plaintiff did not refile in state court until nearly two years after his federal lawsuit was dismissed. Thus, his action is barred by the statute of limitations. *See* 28 U.S.C. §1367 and Tenn. Code Ann. §28-1-115.

The remaining issues raised by the plaintiff have been considered and are found to be without merit. As to the issue of whether the Trial Court should have appointed an attorney for plaintiff, *see Coakley v. Daniels*, 840 S.W.2d 367, 369 (Tenn. Ct. App. 1992); *see also Lyon v. Lyon*, 765 S.W.2d 759 (Tenn. Ct. App. 1988).

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal

---

[1] A libel action involves written defamation and a slander action involves spoken defamation. *See Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818 (Tenn. 1994).

assessed to Joseph B. Thompson.

_____
HERSCHEL PICKENS FRANKS, J.