Daniel *v.* Giles.

DANIEL   *v.*   GILES.

(*Nashville.*   December   14,   1901.)

1. ASSAULT AND BATTERY.   *Provocation admissible in action for in mitigation of damages.*

While no words, or insults, or opprobrious epithets can justify an assault and battery, still, in a civil action for assault and battery, evidence of provocation, calculated to heat the blood or arouse the passions of a reasonable man, offered at the time of the assault and battery, or so recently before as to constitute part of the *res gestæ*, is admissible and must be considered by the jury in mitigation of damages.

Cases cited: Jacaway *v.* Dula, 7 Yer., 82; Chambers *v.* Porter, 5 Cold., 273.

2. SAME.   *Erroneous charge as to provocation.*

And the charge of the Court in this case limiting the jury, in their consideration of evidence of provocation, to question of self-defense, and in effect instructing them that they could not consider it in mitigation of damages, is erroneous.

---

FROM   MONTGOMERY.

---

LEECH & SAVAGE, GHOLSON & LYLE and DANIEL & DANIEL for Daniel.

DANCEY FORT and J. D. TYLER for Giles.

Appeal in error from the Circuit Court of Montgomery County.   B. D. BELL, J.

Daniel *v.* Giles.

McALISTER, J.    Plaintiff below brought this suit to recover damages for an assault and battery inflicted upon him by the defendant, Daniel.   The trial resulted in a verdict and judgment against the defendant for $500,00.   Daniel appealed, and has assigned errors.   The Court properly charged the jury that no words, or insults, or opprobrious epithets, would justify an assault.   It is well settled, however, that any provocation calculated to heat the blood or arouse the passion of a reasonable man, if offered at the time of the assault, or so recently before as to become a part of the *res gestae,* is admissible in evidence, and must be considered by the jury in mitigation of damages.   *Jacaway* v. *Dula,* 7 Yer., 82; *Chambers* v. *Porter,* 5 Cold., 273.

It is assigned as error that the charge of the trial Judge virtually eliminated from the consideration of the jury, in assessing the damages, the proof of provocation.   On this subject the Court charged that "if the plaintiff, Tim Giles, Jr., was upon the witness stand, and became stubborn or insolent, or insulted the defendant, and the defendant, aroused or excited by his conduct, and by the insult that he offered, or believed he offered, struck and injured the plaintiff, when he did not believe that plaintiff was going to assault him, but his action in striking him was based upon the insults alone, and not upon an honest belief that he was about to be assaulted by him,

then the plaintiff would be entitled to recover *just such damages* as the defendant inflicted upon him. No man has a right to assault another except in necessary self-defense, and if the plaintiff was assaulted by the defendant, and it was not in necessary self-defense, or upon his belief, founded upon reasonable grounds, that he was going to be assaulted, the plaintiff should recover just such damages as he has sustained."

The Court then proceeds to instruct the jury that if they find for the plaintiff under the charge, he would be entitled to recover for mental and physical suffering, loss of time, medical expenses, etc. The Court failed to instruct the jury that any insulting language or provocation offered by the plaintiff at the time of the assault should be considered in mitigation of damages. On the contrary, the consideration of the provocation for any purpose is entirely excluded by the Court in his hypothetical statement of facts, and the jury were instructed that unless the proof showed the defendant acted in self-defense at the time of the assault, the plaintiff would be entitled to recover just such damages as he had sustained. This is an affirmative error, for which the judgment must be reversed and the cause remanded.