EVANS v. BRYAN.—145 S. W. (2d) 557.

Middle Section. July 27, 1940.

Petition for Certiorari Denied by Supreme Court, December 14, 1940.

406

Noble L. Freemon, of Lawrenceburg, for plaintiff in error Evans.
F. F. Locke, of Lawrenceburg, for defendant in error Bryan.

CROWNOVER, J.  This is an action for damages inflicted on Evans as the result of assault and battery by the defendant Bryan.

It was averred in the declaration that the defendant assaulted the plaintiff without cause, struck him in the face, and injured his nose, as the result of which he suffered mental and physical pain and humiliation, and he sues for compensatory damages and punitive damages.

The defendant filed pleas of not guilty and self-defense.

The case was tried by the judge and a jury and resulted in a verdict for the defendant.

The plaintiff's motions for a new trial and in arrest of judgment were overruled, and he has appealed in error to this court, and has assigned errors, which are, in substance, as follows:

(1)  There is no evidence to support the verdict.

(2)  The verdict indicates passion, prejudice, and caprice on the part of the jury.

(3)  The court erred in admitting evidence of provocation, in that, witnesses were permitted to testify, over objection, that the plaintiff, as an attorney, had, three days before the assault, criticized the defendant and other people in Lawrence County in another lawsuit and had said that they were "yellow."

The facts necessary to be stated are that the plaintiff had represented a lady in a nuisance case where it was alleged that a house that she owned had been operated as a "beer joint." It appears that the prosecution was instituted at the instance of several people who

had signed a petition requesting the prosecution. The plaintiff, in addressing the jury, said that these people were "yellow," and named the defendant, Marvin Bryan, as one of them.

The case was tried on Friday and the verdict was not returned until the following Monday. The altercation in which the plaintiff was injured occurred in the court house yard just after the verdict was returned.

It is insisted by the plaintiff that the defendant assaulted him without any words or provocation, for which he brings this suit.

It is insisted by the defendant that after the verdict was returned he called to the plaintiff with the view of seeking an apology, when the plaintiff turned around, struck at him, and he warded off the blow and then struck the plaintiff in the face; that he used only enough force to defend himself at the time.

1. The first assignment, that there is no evidence to support the verdict, must be overruled, as the defendant testified that the plaintiff struck him first and that he in turn struck the plaintiff in his own necessary self-defense. This was a question for the jury, and the jury by its verdict has settled this proposition in favor of the defendant.

2. The second assignment, that the verdict was the result of passion, prejudice, and caprice on the part of the jury, is not borne out by the record. If the jury believed the plaintiff's testimony it should have returned a verdict for the plaintiff, but if it believed the defendant's testimony, that he used only such force as was necessary to repel an assault, then the verdict should have been for the defendant.

3. The third assignment, that the court erred in admitting evidence of provocation, in that the court permitted witnesses to testify that the plaintiff had criticized the defendant and others on Friday before this assault, is not well made and must be overruled.

As a general proposition, the defendant cannot rely upon evidence of provocation in mitigation of damages where the provocation occurred several days before the assault and battery, and the blood had time to cool after the provocation.

"Provocations are admissible in evidence to mitigate damages in an action of assault and battery, but they must be given immediately previous to the assault, and, therefore, evidence was properly excluded that on the day before the assault was committed, the plaintiff had said that the defendant had stolen his money, it not appearing that the defendant had come to the knowledge of what the plaintiff had said on the day the assault was committed." Jacaway v. Dula, 7 Yerg., 82, 15 Tenn., 82, 27 Am. Dec. 492; Daniel v. Giles, 108 Tenn., 242, 66 S. W., 1128.

But evidence of provocation is admissible in mitigation of

damages where the plaintiff sues for exemplary damages. 17 C. J., 997, sec. 298; Sedgwick on Damages (9 Ed.), secs. 384 and 387a.

To justify an award of exemplary damages in a case of this kind there must appear malice, wantonness, and oppression. And under such circumstances such damages will be awarded by way of punishment to the offender and as a warning to others.

Hence, the defendant had a right to show provocation in mitigation of damages.

It results that the court did not commit error in admitting the evidence of provocation, and if the jury believed the defendant's theory that the plaintiff brought on the assault and that he acted in self-defense, then it was justified in returning a verdict for the defendant.

All the assignments of errors being overruled, the judgment of the lower court in favor of the defendant is affirmed.

The costs of the cause that accrued in the lower court are adjudged against the plaintiff, and the costs of the appeal are adjudged against the plaintiff and the sureties on his appeal bond.

Felts, J., and Higgins, S. J., concur.