Leon STRAUSS, Charlotte Strauss, and Leon's Murfreesboro Road, Inc., Plaintiffs/Appellants,

v.

WYATT, TARRANT, COMBS, GILBERT & MILOM, et al., Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section.

June 30, 1995.

Rehearing Denied Aug. 4, 1995.

Permission to Appeal Denied by Supreme Court Nov. 27, 1995.

Richard Militana, Lewisburg, for plaintiffs/appellants.

John P. Branham, Donald Capparella, Branham R. Day, P.C., Nashville, for defendants/appellees.

## OPINION

CANTRELL, Judge.

In this action for attorney malpractice the Chancery Court of Davidson County granted summary judgment to the defendants. We affirm on the ground that the advice of the defendants was not the proximate cause of the damages claimed by the plaintiffs.

### I.

In 1990, the plaintiffs, Leon and Charlotte Strauss, were approached by a real estate broker with a proposal to sell them a one-half interest in a commercial building in Nashville. The property was leased to a seafood restaurant for $8,250 per month, with the lessee paying the taxes, utilities, insurance and maintenance. The investment proposal projected a yearly return to the plaintiffs of fifteen percent on an investment of $220,000.

The title to the property, subject to a first and second mortgage, was held by Murfreesboro Road Partners, a joint venture of Wayne B. Glasgow and George Holder, Jr. Mr. Glasgow offered to guarantee the payments to the plaintiffs and agreed to repurchase their interest at the end of five or ten years for the amount of their initial investment.

Mr. and Mrs. Strauss consulted Ralph Levy, Jr. and Parker Duncan, members of the law firm of Wyatt, Tarrant, Combs, Gilbert & Milom. The defendants advised Mr. and Mrs. Strauss that purchasing an interest in the property directly might activate a "due on sale" clause in each of the mortgages and that the fifteen percent return on a loan would violate the state usury laws. Instead, the lawyers advised the Strausses to form a corporation and buy an interest in Murfreesboro Road Partners, the entity that held the title to the building. Mr. Glasgow represented to the lawyers that Mr. Holder's interest in Murfreesboro Road Partners had been acquired by M.G. Investments, Inc. (MGI), a corporation in which Mr. Glasgow was the principal officer. A notarized acquisition agreement containing Mr. Holder's signature memorialized the transfer.

Mr. and Mrs. Strauss followed the defendants' advice and formed Leon's Murfreesboro Road, Inc. (Leon's) which then purchased from MGI the interest formerly held by Mr. Holder. Wayne Glasgow signed the acquisition agreement as president of MGI. He also personally guaranteed monthly payments of $2,750 to Mr. and Mrs. Strauss.

Leon's initial acquisition was signed on December 3, 1990. On June 6, 1991 Leon's acquired an additional thirty-five percent interest in Murfreesboro Road Partners from Mr. Glasgow. At that time Mr. and Mrs. Strauss described their investment as "performing very well." For a total investment of $370,000 Leon's was receiving $4,625 per month, and the payments were personally guaranteed by Mr. Glasgow.

Leon's received the monthly payments through November of 1991 when Mr. Glasgow stopped making the monthly payments to Leon's and also stopped paying the mortgages on the property. George Holder, Jr. and Murfreesboro Road Partners filed for bankruptcy, and Mr. Holder's trustee in bankruptcy contended that the document transferring Mr. Holder's interest in Murfreesboro Road Partners to MGI was a forgery. Mr. and Mrs. Strauss then agreed to purchase the building through the bankruptcy court for $590,000, but subsequently discovered that the tenant had defaulted on the

lease and that the property was vacant. Through further negotiations in the bankruptcy proceeding the Strausses finally purchased the building free and clear of all encumbrances for $543,645.49.

## II.

 The appellants' complaint boils down to an assertion that in the original transaction they wound up with a one-half interest in a joint venture instead of a one-half interest in the building; that when the joint venture went bankrupt, and it appeared that their title to the joint venture interest was questionable, they were forced to acquire the fee interest and suffer the attendant headaches and expenses of full ownership.

The uncontradicted proof, however, shows that Mr. and Mrs. Strauss knew and understood they were not acquiring an interest in the building. They also knew and appreciated the reasons why the transaction was structured as it was. They were not misled by the defendants and, so far as this record shows, the choice of purchasing a share of the joint venture was perfectly logical.

The uncontradicted proof also shows that Mr. and Mrs. Strauss did not ask the defendants for investment advice. They did not seek an opinion about whether it was a good idea to get involved in a venture with Mr. Glasgow or to buy an interest in a commercial building. They only sought advice on how they should structure the transaction originally proposed to them.

We are of the opinion that the losses that Mr. and Mrs. Strauss suffered were not caused by the way they acquired an interest in the building. If they had acquired an undivided interest in the building they would still have had to rely on Mr. Glasgow to manage the investment. If Mr. Glasgow had not defaulted on his obligation to apply the lease payments according to the acquisition agreement and if the tenant had not defaulted on the lease, no injury would have resulted. The defendants had nothing to do with the performance of either obligation. To hold them liable for the performance of the obligations undertaken by third parties to Mr. and Mrs. Strauss or to Murfreesboro Road Partners would impose on them a guarantor's duty.

Since there is no causal connection between the defendants' conduct and the alleged damages, an essential element if missing from the appellants' case. *Lazy Seven Coal Sales v. Stone & Hinds,* 813 S.W.2d 400 (Tenn.1991). The failure to establish an essential element of a cause of action entitles the defendant to summary judgment as a matter of law. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993).

Since it is not essential that we address the issue of whether the plaintiffs had the burden of showing by expert proof that the defendants violated a duty of care, we decline to address it.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

WILLIAM B. CAIN and J.S. DANIEL, Special Judges, concur.