# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 10, 1998

Cecil W. Crowson
Appellate Court Clerk

MOORE CONSTRUCTION COMPANY, )
INC., and PAUL W. MOORE, )
                                    )
      Plaintiffs/Appellants, )
                                    )   Montgomery Circuit
                                    )   No. C9-31
VS.                                 )
                                    )
                                    )   Appeal No.
STORY ENGINEERING COMPANY, )  01A01-9606-CV-00267
INC., and RODDY L. STORY, )
                                    )
      Defendants/Appellees. )

APPEAL FROM THE CIRCUIT COURT
FOR MONTGOMERY COUNTY
AT CLARKSVILLE, TENNESSEE

THE HONORABLE JAMES E. WALTON, JUDGE

For Plaintiffs/Appellants:

Thomas N. Bateman
Robert T. Bateman
Bateman, Bateman & Darnell
Clarksville, Tennessee

For Defendants/Appellees:

John T. Horton
Brewer, Krause, Brooks & Mills
Nashville, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal stems from a construction contract to improve the natural gas transmission system in the City of Clarksville. After the City awarded the contract, an unsuccessful bidder sued the project engineer in the Circuit Court for Montgomery County, claiming interference with prospective economic advantage, defamation, and disparagement. The trial court granted the project engineer's motion for summary judgment, and the unsuccessful bidder has appealed to this court. We have determined that the summary judgment was appropriate because Tennessee does not recognize the tort of interference with prospective economic advantage and because the project engineer's statements concerning the unsuccessful bidder were true.

## I.

In the early 1990's, the City of Clarksville hired Story Engineering Co., Inc. to perform a feasibility study concerning the capacity of its natural gas transmission system. Roddy L. Story, the principal of Story Engineering who was to perform the work, is a Vanderbilt-trained engineer who had been employed by Nashville Gas Company for thirty-two years. Mr. Story had assisted with the design of Clarksville's existing system in the 1950's.

After Mr. Story reported that Clarksville's system was no longer adequate to meet the expected demand in the case of severe weather, the City retained him as project engineer to design the improvements and to prepare the plans and specifications and other contract documents for the project. The project Mr. Story designed called for the installation of 116,900 linear feet of 12¾-inch O.D. coated steel natural gas pipe with fittings, 600 linear feet of 6⊖-inch O.D. coated steel gas pipe, and various regulator stations, bridge crossings, tie-ins, and related appurtenances.

Because the quality of the workmanship on the project was extremely important, Mr. Story included in the specifications and contract documents a requirement that the successful bidder must have constructed a similar natural gas

transmission pipeline project within three years preceding the date of the Clarksville project.[1] Moore Construction Company, Inc. was one of the nine companies submitting bids on the project. Mr. Story requested Moore Construction Company to provide additional information because its original bid did not contain sufficient information about its prior jobs or the personnel who would perform the work. Moore Construction Company's supplemental information revealed that the last gas pipeline it had constructed was in 1984 in Louisiana.

After evaluating the bids, Mr. Story informed the City that King Pipeline and Utility Company, Inc. had submitted the lowest bid of $3,398,808 and that it had recently completed four similar projects. He also informed the City that Moore Construction Company had submitted the second lowest bid of $3,432,378 but that it had not completed a similar project within the past three years. Moore Construction Company appeared at a meeting of the Clarksville Utility Committee shortly after the bids were opened and requested that it be awarded the contract in accordance with the City's procurement rule that favors local contractors when there is less than a five percent difference between their bid and the lowest bid. The committee declined to recommend Moore Construction Company because it did not meet the specification's qualifications for performing the work. When the matter came before the Clarksville City Council, Mr. Story informed the council members that Moore Construction Company was "not qualified to construct the project and that the City of Clarksville, Tennessee, and its individual council members . . . would expose itself and themselves to liability should it award the contract to [Moore

---

[1]The Specifications and Contract Documents stated:

> The Owner will require as minimum qualification for Bidder to have successfully completed within the last thirty-six months the installation of a natural gas transmission pipeline and regulator station system similar in size and complexity to this Project. Bidder must have previous experience in welding on high pressure gas lines, hydrostatic pressure testing, and filling of pipelines with high pressure natural gas.

Construction Company] . . . instead of following [his] recommendation . . .."[2] Thereafter, the City Council awarded the contract to King Pipeline.

In November 1992, Moore Construction Company and its president filed suit against Mr. Story and Story Engineering in the Circuit Court for Montgomery County alleging that Mr. Story's statements to the City Council had defamed and disparaged them and had interfered with their prospective economic advantage. They requested $300,000 in actual and $600,000 in punitive damages. Mr. Story later moved for summary judgment. The trial court granted the motion and dismissed each of Moore Construction Company's claims on the ground that Mr. Story's statements to the City Council concerning Moore Construction Company's qualifications under the project's specifications were true.

## II.

Summary judgments enjoy no presumption of correctness on appeal. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Accordingly, reviewing courts must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). Summary judgments are appropriate only when there are no genuine factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997);

---

[2]The City Council's resolution awarding the contract to King Pipeline recited that

There was extended discussion regarding the option of awarding the contract to Moore Construction Co., a local contractor and the second low bidder, under the 5% provision. Mr. Story stated that in accordance with the bid specifications, it was his opinion that Moore Construction Co. was not qualified because this company had not completed a project of this magnitude within the past 36 months as specified in the bid documents."

*Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn. 1996). Thus, a summary judgment should be granted only when the undisputed facts reasonably support one conclusion -- that the moving party is entitled to a judgment as a matter of law. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d at 26. A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *see Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the inability to prove an essential element of a claim necessarily renders all other facts immaterial. *See Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

## III.

Moore Construction Company asserts that Mr. Story was not entitled to a summary dismissal of his three claims because of material factual disputes that render a summary judgment inappropriate. It claims that the record contains disputed facts regarding its ability to construct the pipeline according to the project specifications and the City Council's potential liability for awarding the contract to a contractor who did not meet the bid requirements. We have determined that these issues, to the extent that they are factual, are not material to the disposition of this case and that Mr. Story is entitled to a judgment dismissing each of Moore Construction's claims as a matter of law.

## A.

The status of the tort of intentional interference with prospective economic advantage was not settled when Moore Construction Company first filed its complaint against Mr. Story. However, the Tennessee Supreme Court put this issue to rest in 1997 when it held that this cause of action would not be recognized in Tennessee. *See Nelson v. Martin*, 958 S.W.2d 643, 646 (Tenn. 1997). The Court's decision applies to cases pending at the time it was handed down, *see Alexander v. Inman*, 825 S.W.2d 102, 105 (Tenn. Ct. App. 1991) (applying retroactively the Tennessee Supreme Court's abolition of the common-law tort of alienation of

affections). Thus, we affirm the trial court's dismissal of this claim because it does not exist under Tennessee law.

## B.

Moore Construction Company asserts that its defamation claim should not have been summarily dismissed because the facts, taken in their most favorable light, demonstrate that Mr. Story's statements were false or falsely implied the existence of other derogatory facts. Based on the uncontroverted evidence concerning Mr. Story's statements to the City Council, we have determined that Mr. Story's statements were true as a matter of law. Therefore, the trial court correctly summarily dismissed this claim because Moore Construction Company failed to demonstrate that it would be able to prove an essential element of its defamation claim at trial.

The basis of a defamation action, whether it be libel or slander, is that the defamatory statement has injured a person's character or reputation. *See Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). The Tennessee Supreme Court, adopting Restatement (Second) of Torts § 580B (1977), defined the tort as follows:

> One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness or role in his public capacity, is subject to liability, if, but only if, he
> (a) knows that the statement is false and that it defames the other,
> (b) acts in reckless disregard of these matters, or
> (c) acts negligently in failing to ascertain them.

*Press, Inc. v. Verran*, 569 S.W.2d 435, 442 (Tenn. 1978). Under this formulation, statements that are factually true cannot provide a basis for a defamation action. *See Stones River Motors, Inc. v. Mid-South Publishing Co.*, 651 S.W.2d 713, 719 (Tenn. Ct. App. 1983).

Mr. Story's statements that Moore Construction Company did not satisfy the qualifications for bidding on this project were based on information that Moore Construction Company itself provided. There is no dispute that Moore Construction Company had not undertaken to build a natural gas transmission pipeline during the thirty-six months prior to bidding on this project. Mr. Story's appraisal of whether

Moore Construction Company qualified as a bidder on this project cast no reflection on the company's competence as a contractor, but rather reflected the undisputed fact that the company did not satisfy the prior experience requirement in the specifications for this project.

Moore Construction also asserts that Mr. Story's warning about the City Council's exposure to liability is false and defamatory. This statement, which is little more than an expression of legal opinion by a lay person, is also correct. Local governmental officials are not immune from suit for willful or wanton acts or acts amounting to gross negligence. *See* Tenn. Code Ann. § 29-20-201(b)(2) (Supp. 1997). Because it was undisputed that Moore Construction Company did not meet the qualifications to bid, Mr. Story's caution about the consequences of awarding a contract to construct a natural gas pipeline to a contractor who did not meet the qualifications to bid was neither inappropriate nor defamatory.

## C.

Moore Construction Company's final claim is for disparagement. Even though Tennessee courts have not specifically recognized this tort, it is among the classes of torts recognized in the Restatement (Second) of Torts § 623(A) (1977) which provides:

> One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if
> (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and
> (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.

This case does not provide an appropriate vehicle for explicitly recognizing disparagement as a separate tort because Moore Construction Company has been unable to demonstrate that it will be able to prove an essential ingredient of the cause of action.

Like a claim for defamation, a claim for disparagement must be based on a false statement. We have already determined that Mr. Story's statements concerning

-7-

Moore Construction Company's inability to qualify as a bidder under the project's specifications and his caution of the possible consequences of awarding the bid to a non-responsive bidder were true and correct. Accordingly, these statements, as a matter of law, cannot support a cause of action for disparagement.

**IV.**

We affirm the summary judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal, jointly and severally, to Moore Construction Company and Paul W. Moore and their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE